Submitted August 1, 2014, reversed and remanded October 7, 2015, petition for review allowed February 1, 2016 (358 Or 550)

JACOB HENRY BARRETT,
*Plaintiff-Appellant,*

*v.*

Colette PETERS,
Director,
Oregon Department of Corrections,
*Defendant-Respondent,*

*and*

Greg JONES,
Karin Potts, and Jana Russell,
*Defendants.*

Marion County Circuit Court
13C23141; A156271

360 P3d 646

Jacob Henry Barrett filed the brief *pro se.*

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Tiffany Keast, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Wollheim, Senior Judge.

LAGESEN, J.

## LAGESEN, J.

Plaintiff appeals from a judgment dismissing his petition for a writ of habeas corpus under ORS 34.310.[1] For the reasons that follow, we reverse and remand.

Plaintiff is an inmate in the legal custody of the State of Oregon, serving a sentence imposed by a court of the State of Oregon, after plaintiff was convicted for violating the criminal laws of the State of Oregon. Plaintiff, however, is not incarcerated in Oregon; he is incarcerated in Florida pursuant to the Interstate Corrections Compact (ICC), ORS 421.245 to ORS 421.254. Plaintiff filed his petition for a writ of habeas corpus in Oregon. The petition alleges that plaintiff is being denied "rehabilitative treatment," in violation of the Eighth and Fourteenth Amendments to the United States Constitution, and Article I, section 13, of the Oregon Constitution.

On its own motion, the trial court dismissed the petition. In so doing, the court did not address whether plaintiff's allegations sufficiently alleged that he was being detained under conditions that violate his constitutional rights; that is, the court did not conclude that plaintiff's allegations failed to state a claim on the merits. Instead, the court dismissed the petition based on its conclusion that plaintiff's incarceration in Florida precluded plaintiff from seeking habeas corpus relief in Oregon, in light of the facts that Oregon officials do not have physical custody of plaintiff and do not control plaintiff's conditions of confinement in Florida. In reaching that conclusion, the court adopted its ruling to the same effect in a previous habeas corpus proceeding brought by plaintiff:

"In the instant case, Plaintiff makes a number of allegations—all of which are the legally same or substantially similar to allegations Plaintiff made in another case just

---

[1] ORS 34.310 provides:

"The writ of habeas corpus ad subjiciendum is the writ designated in ORS 34.310 to 34.730, and every other writ of habeas corpus is abolished. Every person imprisoned or otherwise restrained of liberty, within this state, except in the cases specified in ORS 34.330, may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment or restraint, and if illegal, to be delivered therefrom."

dismissed for failure to state a claim (Marion County Docket number 13C20437). These new allegations do not change the analysis or outcome. Based on the argument, authority and reasons listed in Marion County Docket number 13C20437, the Court finds that Plaintiff's new petition fails to state an actionable habeas claim. Plaintiff's request for habeas relief is denied."

Plaintiff also appealed the judgment of dismissal in his previous habeas corpus proceeding. We reversed that judgment of dismissal and remanded for further proceedings. *Barrett v. Peters (A155789)*, 274 Or App 237, 360 P3d 638 (2015). We concluded that, notwithstanding the fact that plaintiff is incarcerated in Florida pursuant to the ICC, plaintiff retains the right to be incarcerated under conditions that meet the constitutional standards to which he would be entitled if he were incarcerated in Oregon; that plaintiff retains the right to seek habeas corpus relief in Oregon under ORS 34.310 to redress any constitutional deficiencies in his conditions of confinement in Florida; and that plaintiff alleged sufficient facts to show that he properly named the director of the Oregon Department of Corrections (ODOC), which has legal custody of plaintiff, as the defendant in his habeas action. *Id.*

*Barrett* compels us to reach the same conclusion here.[2] We therefore reverse and remand for further proceedings consistent with this opinion.[3]

Reversed and remanded.

---

[2] In this case, plaintiff named several other ODOC officials as defendants in addition to naming the director of ODOC as defendant. Those other named defendants are not parties to this appeal.

[3] Although it is not entirely clear from the director's brief, the director appears to argue that we should affirm on the alternative basis that plaintiff's allegation that he has been deprived of certain treatment is insufficient to allege a violation of his constitutional rights. However, the trial court did not reach that issue below, and the parties' arguments on appeal with respect to that issue are not fully developed. Accordingly, we decline to affirm on that alternative basis. The parties and the court remain free to address that issue on remand.